Send

DOCKETED O...

MAR 16 2007

BY _____ 024

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 06-0053-AG(MLGx) | Date | March 14, 2007 |

| | |
|---|---|
| Title | MARY RODRIGUEZ, ET AL. v MAGNOLIA ELEMENTARY SCHOOL DISTRICT |

Present: The Honorable   **ANDREW J. GUILFORD**

| Lisa Bredahl | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   ORDER GRANTING MOTION FOR ORDER FOR ATTORNEY'S FEES AND COSTS

Before the Court is the Motion for Order for Attorney's Fees and Costs ("Motion") filed by Plaintiffs Mary and Frank Rodriguez ("Plaintiffs"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. Accordingly, the hearing set for March 19, 2007 on the present Motion is removed from the Court's calendar. After considering the moving, opposition, and reply papers, the Court GRANTS an award of attorney's fees in the amount of $8,000.

## BACKGROUND

Because the Court has reviewed the relevant facts of this Motion in its previous Order, the Court only summarizes them here. Plaintiffs appeared in federal court after filing for an administrative due process hearing on behalf of their daughter, who is eligible for special education as a student with autism. After prevailing in that hearing, Plaintiffs' moved this Court to award attorney's fees and costs. The Court awarded Plaintiffs' $30,000 for their attorney's fees and costs, dramatically reducing the requested award by over $20,000. At this point, Plaintiffs move for $16,547 for attorney's fees and costs accrued pursuing its earlier motion for fees and costs and this current motion.

## LEGAL STANDARD

20 U.S.C. section 1415(i)(3)(B) states that "in any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of the child with a disability who is the prevailing party" at an administrative hearing. "A prevailing party for the purpose of awarding attorney's fees is a party which 'succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 06-0053-AG(MLGx) | Date | March 14, 2007 |

| | |
|---|---|
| Title | MARY RODRIGUEZ, ET AL. v MAGNOLIA ELEMENTARY SCHOOL DISTRICT |

the suit.'" Parents of Student W. v. Puyallup School Dist., 31 F.3d 1489, 1498 (9th Cir. 1994) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). But "the inquiry does not end with a finding that the plaintiff obtained significant relief. A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Hensley, 461 U.S. at 440.


**DISCUSSION**

Defendant Magnolia Elementary School District ("Defendant") argues that the Court should reduce Plaintiffs' requested fees in the pending motion because Plaintiffs request reimbursement for time spent on "unnecessary or meritless motions" (Magnolia Elementary School's Opposition to Plaintiffs' Motion for Attorney's Fees and Costs ("Opposition") 3:13-4:2), Plaintiffs' original fee request was substantially reduced and thus Plaintiff only achieved limited success (Opposition 4:10-28), and Plaintiffs' Motion was filed in violation of Local Rule 7-3 (Opposition 2:12-26). The Court agrees.

The Ninth Circuit has determined "that attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in *Hensley* and its progeny." Aguirre v. L.A. Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. August 29, 2006). In Hensley, the Supreme Court "held that a partially prevailing plaintiff generally may not recover fees for her unsuccessful claims: 'the level of a plaintiff's success is relevant to the amount of fees to be awarded.'" Aguirre v. L.A. Unified Sch. Dist., 461 F.3d 1114, 1118 (9th Cir. August 29, 2006) (quoting Hensley v. Eckerhart, 461 U.S. 424, 430 (1983)). The Supreme Court explained that "[t]here is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." Hensley, 461 U.S. at 436-437. Further, "a district court does not abuse its discretion when it resorts to a mathematical formula, even a crude one, to reduce the fee award to account for limited success." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 905 (9th Cir. 1995).

Here, the Court finds that Plaintiffs prevailed on their previous motion, and confirms its earlier finding that Plaintiff's counsel's rate of $325 an hour is reasonable. The Court also finds that attorney's fees and costs should be reduced to account for the limited nature of Plaintiff's success. Specifically, in its previous order, the Court granted only slightly over half of what Plaintiffs had requested.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 06-0053-AG(MLGx)                    Date   March 14, 2007

Title        MARY RODRIGUEZ, ET AL. v MAGNOLIA ELEMENTARY SCHOOL
             DISTRICT

The Court also finds that Plaintiffs' award should be reduced because Plaintiffs are not entitled to reimbursement for fees and costs incurred by its counsel's carelessness and negligence. Plaintiffs request fees and costs accrued with their motion to allow late filing of Plaintiffs' opening brief and Plaintiffs' motion to correct clerical error. Both of these motions were only necessary to correct Plaintiffs' attorney's mistakes. First, Plaintiffs were forced to seek approval of the filing of their opening brief after Plaintiffs' counsel failed to timely file the brief. Plaintiff's counsel submitted to the Court that she misunderstood the deadlines. Second, Plaintiffs' motion to correct a clerical error was also filed due to Plaintiffs' counsel's mistaken understanding of this Court's order. The Court does not find that Plaintiffs should be reimbursed for its counsel's attempt to remedy errors committed by its own negligence and inattention to Court deadlines. With this in mind, the Court awards Plaintiffs' counsel $8,000 for attorney's fees and costs.

The Court also notes that Plaintiffs' counsel did not comply with Local Rule 7-3 when filing the instant Motion. While Plaintiff's counsel states that "the result would have been the same" had they complied with the local rule (Plaintiff's Reply Brief 2:6), the Court finds that this does not excuse a failure to comply with its rules. The Court has previously warned Plaintiff's counsel that it enforces local rules. Due to Plaintiff's counsel's continued defiance of this Court's local rules, the Court orders sanctions of $1,500 to be paid to Defendant's counsel.

## CONCLUSION

The Court GRANTS Plaintiffs' Motion for Order for Attorney's Fees and Costs in the amount of $8,000 and SANCTIONS Plaintiffs' counsel in the amount of $1,500 to be paid to Defendant's counsel.

                                                                                    :      0

                                                    Initials of
                                                    Preparer